PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CELSO LÓPEZ, Defendant and Appellant.

No. 3426. Argued March 23, 1928.—Decided April 11, 1928.

*Rafael S. Vidal* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Celso López was charged in the Municipal Court of Yabucoa as follows:

"I, M. Vega Riollano, District Chief, I. P., resident of Yabucoa, 15 Baldorioty St., of age, charge Celso López with the crime of False Pretenses and Fraud (Sec. 470 of the P. C.) committed as follows: That on April 15, 1927, at Central Mercedita in the ward of Juan Martin of Yabucoa of the Municipal Judicial District of Yabucoa, which forms a part of the Judicial District of Humacao, P. R., the said defendant, knowingly, intentionally, unlawfully and by false and fraudulent pretenses, represented himself as Agent of the Quintana Hippodrome in that municipality and in that false character obtained from Domingo Mattey the sum of $3.20 under the promise of preparing for him a combination for the pool of the Quintana Hippodrome on Easter Sunday, April 17th of the current year, and has neither prepared this combination nor returned to Domingo Mattey the sum of $3.20, thus defrauding Domingo Mattey of that sum. Attached hereto as evidence is a note which the defendant gave to Mattey. The acts with which he is charged are known to me as the result of an investigation. This is contrary to the law for such case made and provided and against the peace and dignity of the People of Porto Rico."

An appeal was taken by the defendant to the District Court of Humacao from the judgment of conviction in the municipal court. The case was tried in the district court where the defendant was convicted of false pretenses and fraud and sentenced to three. months in jail and the costs. An appeal has been taken to this court from that judgment.

The following errors are assigned:

The appellant alleges that the District Court of Humacao erred in overruling his motion to dismiss the case on the

4

ground that the complaint, as drafted, does not charge any offense.

The appellant contends that the complaint lacks the requisites which according to law and jurisprudence are necessary in a complaint for false pretenses.

Although the complaint is not perfect, nor can it be expected to be so in such a case, it contains all the necessary elements to inform the defendant of the acts charged and for presenting the evidence and rendering a judgment thereon. It is therein stated that, knowingly, intentionally, unlawfully and by false and fraudulent pretenses, the defendant represented himself as the agent of the Quintana Hippodrome and obtained from Domingo Mattey $3.20, promising to prepare a combination for the pool of that hippodrome and that he neither kept his promise nor returned the money to Mattey. In that charge are to be found the elements of unlawfulness, wilful and malicious intent, incorrect simulation of personality, receipt of the money, failure to perform as promised or to return the money, which are the elements set forth by the jurisprudence of Porto Rico and that of California. Complaints are not required to be drafted in certain words and so particularly as to make them easily understood at first glance by a child or any other person not fully capacitated. It can not be said from the way the complaint is worded that Mattey deprived himself of the sum of $3.20 for any other purpose than to have the pretended agent of the hippodrome put the money in a betting combination, and that the defendant neither made the bet nor returned the money.

The second assignment made by the appellant is that the court erred in admitting evidence on essential elements of the offense which were not charged in the complaint.

It is alleged that the court allowed the following question to be put to witness Manuel Vega Riollano:

"Did he speak or say anything to you as to whether he was an

agent of the hippodrome?—He said that he was authorized by the agent of Humacao.

"Look at these tickets here."

The question substantially conforms to the elements of the complaint. It can not be expected to follow literally the complaint.

It is likewise alleged that the court allowed the following leading question:

"Did he not tell you that he was an agent of the hippodrome?"

Really that might be a leading question. But it must be borne in mind that the fact to which it refers had been brought out in the evidence and was affirmed in the testimony of another witness, Manuel Vega Riollano, and nothing new to the detriment of any essential right of the defendant could be suggested from the answer of the witness to the question. The defendant moved to strike out that question, the motion was overruled and the defendant took exception on the ground of its being a leading question. In the other cases as a rule the defendant gave no grounds for his exceptions, and this is not the proper thing to do in order to submit them later to the appellate court.

It is alleged that the court erred in overruling the motion for nonsuit.

The court could not do otherwise considering that in reality the ground of the motion for nonsuit was the same as that of the exception which was denied.

Apart from this the defendant proceeded with the case by submitting his evidence after the motion for nonsuit had been overruled, which amounted to a waiver of his motion, as has been held by this court in *People* v. *González,* 24 P.R.R. 667, *People* v. *Alvarado,* 19 P.R.R. 827, and *People* v. *Ojeda,* 26 P.R.R. 391.

Another error assigned is that the court did not give the defendant the benefit of the reasonable doubt.

There is no such error. The court weighed the evidence as a whole, which is the rational and logical way of weighing it and not from an unimportant particular, and formed its estimate of the consummated facts. No more can be expected from a trial judge.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison concurred in the result.